PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRIS KASTENS (State Bar No. 254797)
kkastens@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiffs*
CUPP CYBERSECURITY, LLC and CUPP COMPUTING AS.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CUPP CYBERSECURITY, LLC, a Delaware Limited Liability Company, and CUPP COMPUTING AS, a Norwegian Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>SYMANTEC CORPORATION, a Delaware Corporation,<br><br>Defendant. | Case No.: 19-cv-00298-WHO<br><br>**PLAINTIFFS CUPP CYBERSECURITY, LLC AND CUPP COMPUTING AS' NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT SYMANTEC CORP.'S FIFTH AND SIXTH AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: April 24, 2019<br>Time: 2:00 PM<br>Courtroom: Courtroom 2, 17th Floor<br>Before: Hon. William H. Orrick |

**NOTICE OF MOTION**

NOTICE IS HEREBY GIVEN that on April 24, 2019, at 2:00 p.m., or as soon thereafter as counsel may be heard by the Honorable William H. Orrick in Courtroom 2, 17th Floor, located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs CUPP Cybersecurity LLC and CUPP Computing AS (collectively, "CUPP") will and hereby do move the Court for an order granting CUPP's Motion to Strike Defendant Symantec Corporation's ("Symantec") Fifth and Sixth Affirmative Defenses ("Motion to Strike").

This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Kristopher Kastens filed herewith and exhibit attached thereto, the proposed order submitted herewith, the pleadings and papers on file in this action, any evidence and argument presented to the Court at or before the hearing on this motion, and all matters of which the Court may take judicial notice.

**STATEMENT OF ISSUES**

1.   Whether the Court should strike Symantec's Fifth Defense, which alleges that CUPP's claims are barred by license, because Symantec pleads no facts to support the defense and has no cognizable defense of license.

2.   Whether the Court should strike Symantec's Sixth Defense, which relates to unclean hands, because Symantec pleads no facts to support the defense.

**INTRODUCTION**

The Court should strike Symantec's Fifth and Sixth Affirmative Defenses because Symantec fails to plead any supporting facts, depriving CUPP of fair notice of the basis for Symantec's purported defenses. Symantec's Fifth Affirmative Defense alleges in two sentences that CUPP's claims are barred because of (1) an agreement between Symantec and nonparty "Finjan," an entity which is identified in no greater detail anywhere in the Answer, and (2) some "relationship between Finjan and CUPP" that is also not described. There is no "relationship" or agreement between Finjan and CUPP that exists that warrants some sort of license defense. Symantec's Sixth Affirmative Defense is equally deficient, alleging only some unidentified "misconduct by CUPP in relation to [this] suit" and relying

on the same unsupported and conclusory statements that are contained within its Fifth Affirmative Defense. Such conclusory allegations without any facts do not give CUPP notice of the grounds on which the defenses are based. Indeed, given the vagueness of the allegations and the fact that Symantec carefully sidesteps alleging any basis—even just "on information and belief"—for its claims, there is no good faith basis for bringing either defense. For these reasons, the Court should strike Symantec's Fifth and Sixth defenses.

## FACTUAL BACKGROUND

CUPP was initially founded in 2005 in Norway and became a security provider for mobile devices. Dkt. No. 64 (Amended Complaint), ¶ 7. Based upon years of research and development, CUPP has a robust portfolio of innovative technology relating to mobile device security, which address problems found in mobile device management, network security, DMZ ("demilitarized zone") security, and endpoint security. *Id.* CUPP's eight patents at issue in this case ("the Asserted Patents") relate to security systems for mobile devices and removable media, as well as evaluating and managing data transmitted over a network for security purposes.[1] *See id.* at ¶¶ 10, 13, 16, 19, 22, 25, 28, and 31.

CUPP filed this action for patent infringement against Symantec in Northern District of Texas on June 14, 2018. *See* Dkt. No. 1 (Complaint). This case was transferred to this district on January 17, 2019 (*see* Dkt. No. 54), and reassigned to this Court on January 31, 2019 (*see* Dkt. No. 61). CUPP amended its Complaint on February 13, 2019 (*see* Dkt. No. 64) by written agreement with Symantec, and Symantec responded on February 27, 2019 with its Answer to CUPP's First Amended Complaint (*see* Dkt. No. 66), which is at issue here.

CUPP contacted Symantec, requesting that it withdraw its Fifth and Sixth Affirmative Defenses based on a lack of factual bases for these defenses and the speculative nature of the defense. Declaration of Kristopher Kastens, Ex. 1. On March 20, 2019, Symantec refused to withdraw these defenses. *Id.*

---

[1] CUPP Computing AS is the owner of the Asserted Patents and granted CUPP Cybersecurity certain rights to them. Dkt. No. 64 at ¶¶ 8, 12, 15, 16, 18, 21, 24 and 27.

2

CUPP'S MOTION TO STRIKE SYMANTEC'S  CASE NO.: 19-cv-00298-WHO
FIFTH AND SIXTH AFFIRMATIVE DEFENSES

## ARGUMENT

### I. SYMANTEC'S FIFTH DEFENSE BASED ON A LICENSE FAILS TO GIVE CUPP FAIR NOTICE

The Court should strike as insufficient Symantec's Fifth Defense (Dkt. No. 66 at ¶ 260), which alleges that CUPP's claims are barred by an agreement between Symantec and "Finjan," an unrelated third party who is not involved in this case. *See* Fed. R. Civ. P. 12(f) (courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"). Symantec's Fifth Defense falls well below the standard of pleading required, as it fails to plead an adequate and plausible factual basis for relief and, in fact, pleads **no** facts whatsoever. *See Solis v. Zenith Capital, LLC*, No. C 08-4854 PJH, 2009 WL 1324051, at *3-7 (N.D. Cal. May 8, 2009) (striking affirmative defenses because no factual bases were provided); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (pleadings must include "enough facts to state a claim [for] relief that is plausible on its face");[2] *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. Feb. 26, 2004) (striking a defense that was pled merely by referring to the doctrine, with no underlying factual support to provide "fair notice" of the nature of the claim).

Symantec offers no more than two sentences in support of its purported Fifth Defense, which includes speculation:

> CUPP's claims are barred by license. Symantec expects to have evidentiary support after discovery demonstrating that its recent confidential settlement with Finjan and the relationship between Finjan and CUPP preclude suit on the Asserted Patents.

Dkt. No. 66 at ¶ 260. The first sentence is merely a conclusory allegation without any factual basis. The second sentence speculates that there might be something that occurs during discovery that would support the license defense that somehow precludes CUPP's allegations of patent infringement in this case. This is essentially an admission that it has no basis for the defense. Such conclusory allegations without factual basis do not need to be accepted as true. *See In re Gilead Scis. Sec. Litig.*, 536 F.3d

---

[2] "Within this district . . . there is widespread agreement" that the *Iqbal* and *Twombly* standard applies to affirmative defenses. *Catch a Wave, Inc. v. Sirius XM Radio, Inc.*, No. C 12-05791 WHA, 2013 WL 1996134, at *1 (N.D. Cal. May 13, 2013) (citation omitted).

3

CUPP'S MOTION TO STRIKE SYMANTEC'S  CASE NO.: 19-cv-00298-WHO
FIFTH AND SIXTH AFFIRMATIVE DEFENSES

1049, 1055 (9th Cir. 2008) (citation omitted) (The Court need not accept as true these "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

Moreover, the speculation in the allegations does nothing to support the conclusory first sentence. If Symantec is the licensee, then Symantec has the agreement and should be able to identify, rather than "expect" to find support, for the asserted defense. Given the way Symantec pled the purported defense, it raises serious questions as to whether Symantec even has a good faith basis under Federal Rule of Civil Procedure for such a defense. Symantec may not simply plead unsupported defenses that might be "potentially applicable." *See, e.g.*, *Allen v. AVT Event Techs., Inc.*, No. C-13-1922 MMC, 2013 WL 3157905, at *2 (N.D. Cal. June 20, 2013) (striking allegations that were factually unsupported which were pled only to avoid waiver in case evidence was later discovered).

Because this defense is devoid of factual allegations, it fails to give CUPP fair notice. Thus, Symantec's alleged license defense includes "only conclusory allegations, without providing any information about the grounds upon which the defense[] rest[s]," such that it is insufficiently pled and should be stricken. *Catch a Wave*, 2013 WL 1996134, at *2 (citing *Powertech Tech., Inc. v. Tessara, Inc.*, No. C 10–0945 CW, 2012 WL 1746848 at *5 (N.D. Cal. May 16, 2012)).

## II. SYMANTEC'S SIXTH DEFENSE FOR UNCLEAN HANDS FAILS TO GIVE CUPP FAIR NOTICE

Symantec' Sixth Defense for unclean hands also fails to give CUPP fair notice of the basis of Symantec's allegations for similar reasons to those stated above. Again, Symantec identifies the unclean hands and then repeats the similar speculation identified above for its purported license defense as follows:

> CUPP's claims are barred by unclean hands. Symantec expects to have evidentiary support after discovery demonstrating misconduct by CUPP in relation to its suit against Symantec on the Asserted Patents. This misconduct arises from the relationship between Finjan and CUPP and Finjan's recent confidential settlement with Symantec. It has injured Symantec. In view of this misconduct, the Court should refuse relief to CUPP on its claims.

Dkt. No. 66, ¶ 261. In addition to the failings described above with respect to nonparty Finjan, the conclusory "relationship between Finjan and CUPP," two unrelated parties, support striking this

4

CUPP'S MOTION TO STRIKE SYMANTEC'S  
FIFTH AND SIXTH AFFIRMATIVE DEFENSES

CASE NO.: 19-cv-00298-WHO

defense.  Symantec's Sixth Defense vaguely refers to "misconduct," and does not identify any factual allegations or generalities as to what that might be.  CUPP is again left to guessing at what the purported defense is and is not on notice of what Symantec is alleging.  Since the Sixth Defense is devoid of any factual content and is speculative, there is no apparent good faith basis for asserting the defense, which should be stricken.

## CONCLUSION

For the foregoing reasons discussed above, the Court should strike Symantec's Fifth and Sixth Affirmative Defenses as unsupported by any factual content.

Respectfully submitted,

Dated:  March 20, 2019    By: */s/ Paul J. Andre*
Paul J. Andre
Lisa Kobialka
James Hannah
Kristopher Kastens
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
kkastens@kramerlevin.com

*Attorneys for Plaintiffs*
CUPP Cybersecurity LLC and CUPP Computing AS