1 MICHAEL A. JACOBS (State Bar No. 111664)
mjacobs@mofo.com
2 STEFANI E. SHANBERG (State Bar No. 206717)
sshanberg@mofo.com
3 ROBIN L. BREWER (State Bar No. 253686)
rbrewer@mofo.com
4 MORRISON & FOERSTER LLP
425 Market Street
5 San Francisco, California  94105-2482
Telephone:    (415) 268-7000
6 Facsimile:    (415) 268-7522

7 Attorneys for Defendant
SYMANTEC CORPORATION
8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12

13  CUPP CYBERSECURITY, LLC, a Delaware        Case No. 19-cv-00298-WHO
    Limited Liability Company, and CUPP
14  COMPUTING AS, a Norwegian Corporation,     **SYMANTEC CORPORATION'S**
                                               **OPPOSITION TO PLAINTIFFS'**
15                  Plaintiffs,                **MOTION TO STRIKE FIFTH AND**
                                               **SIXTH AFFIRMATIVE**
16          v.                                 **DEFENSES**

17  SYMANTEC CORPORATION, a Delaware           Date:     April 24, 2019
    Corporation,                               Time:     2:00 P.M.
18                                             Place:    Courtroom 2, 17th Floor
                    Defendant.                 Judge:    William H. Orrick
19

20

21

22

23

24

25

26

27

28

**TABLE OF ABBREVIATIONS**

| First Amended Complaint for Patent Infringement (Dkt. No. 64) | Am. Compl. |
|---|---|
| Answer to First Amended Complaint for Patent Infringement by Symantec Corporation. (Dkt. No. 66) | Ans. |
| Blue Coat Systems, LLC. | Blue Coat |
| Declaration of Robin L. Brewer | Brewer Decl. |
| CUPP Cybersecurity, LLC. and CUPP Computing AS | CUPP |
| Finjan, Inc. | Finjan |
| <ul><li>*Finjan, Inc. v. Symantec Corp., et al.* 10-cv-00593-GMS (D. Del.)</li><li>*Finjan, Inc. v. Symantec Corp.*, 14-cv-02998-HSG (N.D. Cal.)</li><li>*Finjan, Inc.v. Blue Coat Systems, Inc.* 15-cv-03295-BLF (N.D. Cal.)</li><li>*Finjan, Inc.v. Blue Coat Systems, Inc.* 15-cv-03999-BLF (N.D. Cal.)</li><li>*Finjan, Inc. v. Blue Coat Systems, Infringement* (Dusseldorf, DE)</li></ul> | Finjan Cases |
| Plaintiffs CUPP Cybersecurity, LLC and CUPP Computing AS' Notice of Motion and Motion to Strike Defendant Symantec Corp.'s Fifth and Sixth Affirmative Defenses; Memorandum of Points and Authorities (Dkt. No. 69) | Mot. to Strike |
| The Confidential Patent License and Settlement Agreement, effective February 28, 2018 between Finjan and Symantec | settlement agreement |
| Symantec Corporation | Symantec |

**INTRODUCTION AND BACKGROUND**

Far from lacking fair notice, CUPP knows exactly what Symantec is alleging by its license and unclean hands defenses. As the defenses state, Symantec expects that CUPP's claims are barred by license and unclean hands as a result of specific facts: (1) Symantec's settlement agreement with Finjan and (2) the relationship between CUPP and Finjan. CUPP cannot credibly claim ignorance regarding who Finjan is or from what connections Symantec's defenses arise.

CUPP suggests that it lacks fair notice because Symantec did not sufficiently identify Finjan, a nonparty, in its defenses. *See* Mot. to Strike 69 at 1. The named inventor on all nine patents asserted by CUPP is Shlomo Touboul. *See* Am. Compl. at ¶¶ 8, 11, 14, 17, 20, 23, 26, 29, 32. Mr. Touboul is the founder of Finjan and Yoggie Security Systems, Inc., the company from whom CUPP acquired the asserted patents. *See* Brewer Decl., Ex. 1. Mr. Touboul is actively involved in both Finjan and CUPP. *See id.*, Ex. 2 at 8-9.

Mr. Touboul and his patents were central to the multiple Finjan Cases against Symantec and its subsidiary Blue Coat that concluded with the referenced settlement agreement. *See* Brewer Decl. at ¶ 4. Finjan asserted 23 patents against Symantec and Blue Coat, 15 of which name Mr. Touboul as an inventor, including nine of which name Mr. Touboul as the sole inventor. *Id.* at ¶ 5. On February 28, 2018, Symantec and its affiliates reached an agreement with Finjan and its affiliates to settle all worldwide litigation. *See id.*, Ex. 3. Less than three months later, Symantec was sued by CUPP in a suspiciously similar case. Dkt. No. 1.

The settlement agreement and the relationship between CUPP and Finjan provide Symantec a good faith belief that the evidence will show that CUPP's claims are barred by license and unclean hands. CUPP's motion should be denied because it has fair notice of the basis for Symantec's defenses, and the defenses are properly pled.

**LEGAL STANDARD**

Motions to strike affirmative defenses should be denied where the plaintiff has "fair notice" of the factual basis for the defense. *Kohler v. Flava Enterprises*, *Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (finding affirmative defense adequately pled and noting that "fair notice" "only requires describing the defense in 'general terms.'"). Some courts in the Ninth Circuit

apply the *Twombly*/*Iqbal* pleading standard to affirmative defenses, but nonetheless generally deny motions to strike affirmative defenses where *any* factual basis is pled.  *See*, *e.g.*, *Openwave Messaging, Inc. v. Open-Xchange*, 16-cv-00253-WHO, 2016 WL 6393503, at *11-12 (N.D. Cal. Oct. 28, 2016) (denying motion to strike because defenses were not merely "a series of conclusory statements asserting the existence of an affirmative defense without stating a reason why that affirmative defense might exist") (quoting *Hernandez v. Dutch Goose, Inc.*, 13-cv-03537-LB, 2013 WL 5781476, at *4 (N.D. Cal. Oct. 25, 2013)) (internal quotations omitted); *Shire LLC v. Impax Labs., Inc.*, 10-cv-05467-RS, 2011 WL 13152734, at *4 (N.D. Cal. Aug. 29, 2011) (denying motion to strike and commenting that "striking th[e] defense, of which plaintiffs have fair notice, and requiring [defendant] to restate it would waste resources better spent on advancing th[e] case on the merits").

## ARGUMENT

CUPP's motion to strike should be denied based on CUPP's cited cases.  CUPP characterizes the *specific facts* pled in Symantec's affirmative defenses as "conclusory," but relies upon cases striking defenses containing nothing more than conclusory *statements of law*.  Mot. to Strike at 3, 4.  In every case CUPP cites, the defendant pled *no facts* in support of the affirmative defenses at issue, rather merely parroting the law.  *See*, *e.g.*, *Catch a Wave v. Sirius XM Radio, Inc.*, 12-cv-05791, 2013 WL 1996134, at *2 (N.D. Cal. May 13, 2013) (granting motion to strike defenses that merely "parrot[ted] the elements of the affirmative defense" without pleading any facts); *Allen* v. *AVT Event Techs., Inc.*, 13-cv-01922-MCC, 2013 WL 3157905 (N.D. Cal. Jun. 20, 2013) (granting motion to strike where defendant pled 53 affirmative defenses without pleading any facts).  CUPP cites no case that supports striking affirmative defenses where the defendant pled any facts in support, as Symantec does here.

CUPP is incorrect that Symantec's form of pleading—based, in part, on Symantec's good faith belief regarding what discovery will show—is improper.  *See* Mot. to Strike at 2.  CUPP is also incorrect that Symantec should have pled its affirmative defenses "on information and belief."  *See id*.  A party is permitted to "identify averments as ones which it in good faith believes, will likely have evidentiary support after a reasonable opportunity for further

investigation or discovery," but pleading "information and belief" is "not a recognized pleading device under the rules." *See Delphix Corp. v. Actifo, Inc.*, Case No. 13-cv-04613-RS, 2014 WL 4628490, at *1-2 (N.D. Cal. Mar. 19, 2014); *see also* Fed. R. Civ. P. 11(b)(3).

## I.   CUPP HAS FAIR NOTICE OF SYMANTEC'S LICENSE DEFENSE AND IT IS PROPERLY PLED

Symantec's license defense provides CUPP fair notice and is properly pled.  Symantec identified facts on which it bases its license defense.  Symantec's fifth affirmative defense states:

> CUPP's claims are barred by license.  Symantec expects to have evidentiary support after discovery demonstrating that its recent confidential settlement with Finjan and the relationship between Finjan and CUPP preclude suit on the Asserted Patents.

Answer at ¶ 260, Dkt. No. 66.  CUPP disregards these facts, characterizing them as speculation. Mot. to Strike at 3.  There is nothing speculative about the settlement agreement, and identifying additional facts that a defendant in good faith believes "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery" is proper.  *See, e.g., Delphix*, 2014 WL 4628490 at *2.

Just as CUPP cannot credibly claim that it does not know non-party Finjan (*see supra* at 1), it cannot credibly claim that it is unaware of the settlement agreement upon which Symantec's license defense is based.  CUPP argues, "[i]f Symantec is the licensee, then Symantec has the agreement and should be able to identify, rather than 'expect' to find support, for the asserted defense." Mot. to Strike at 4.  CUPP knows that Symantec is the licensee:  the agreement is publicly-identified as a "Confidential Patent License and Settlement Agreement." *See* Brewer Decl., Ex. 3.  As for the confidentiality of the terms, that can be addressed during discovery and is irrelevant to whether Symantec's license defense is properly pled.[1]  Courts routinely deny motions to strike affirmative defenses based on the existence of an agreement if the agreement at issue is identified in the defense.  *See, e.g., Synopsis, Inc. v. Ubiquiti Networks,*

---

[1] Should CUPP's counsel request Symantec's consent to review the agreement for these purposes, Symantec would grant the same.  As CUPP's counsel is the same counsel that represented Finjan in its litigation and settlement negotiations with Symantec, CUPP should be able to easily obtain consent from Finjan as well.

*Inc.*, 17-cv-00561-WHO, 2017 WL 3485881, at *19 (N.D. Cal. Aug. 15, 2017) (denying motion to strike where defendant identified specific agreement under which plaintiff purportedly waived its rights, noting that "[t]he applicable terms of use, when they were agreed to, and by whom, will be readily determined through discovery."); *Hynix Semiconductor Inc. v. Rambus Inc.*, 00-cv-20905-RMW, 05-cv-02298-RMW, 05-cv-00334-RMW, 06-cv-00244-RMW, 2007 WL 4062845, at *11 (N.D. Cal. Nov. 15, 2007); *Powertech Tech., Inc. v. Teressa, Inc.*, 10-cv-00945-CW, 2012 WL 1746848, at *3 (N.D. Cal. May 16, 2012) (denying motion to strike defense that plaintiff "cannot assert its claims for relief against [defendant] in light of the terms of the Agreement between the parties"). CUPP's motion to strike Symantec's license defense should be denied.

## II.      CUPP HAS FAIR NOTICE OF SYMANTEC'S UNCLEAN HANDS DEFENSE AND IT IS PROPERLY PLED

CUPP's states—without citation to authority or any particular reason—that Symantec's unclean hands defense "fails to give CUPP fair notice." Mot. to Strike at 5. CUPP seeks an order striking Symantec's unclean hands defense "for similar reasons" to its license defense. *Id.*

Unclean hands requires: (1) that plaintiff's conduct be inequitable; and (2) that the inequitable conduct relate to the subject matter of its claims. *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933). Symantec's unclean hands defense gives CUPP fair notice, because it provides sufficient facts to support the defense at the pleading stage. Symantec's sixth affirmative defense states the following:

> CUPP's claims are barred by unclean hands. Symantec expects to have evidentiary support after discovery demonstrating misconduct by CUPP in relation to its suit against Symantec on the Asserted Patents. This misconduct arises from the relationship between Finjan and CUPP and Finjan's recent confidential settlement with Symantec. It has injured Symantec. In view of this misconduct, the Court should refuse relief to CUPP on its claims.

Answer at ¶ 261, Dkt. No. 66. Symantec has pled the factual basis for its defense, stating that the alleged misconduct relates to: (1) CUPP's relationship with Finjan; (2) Finjan's settlement with Symantec; and (3) CUPP asserting patents against Symantec in the present litigation. *Id.*

Courts in this circuit routinely deny motions to strike unclean hands defenses pled with similar and lower levels of factual specificity. *See, e.g.*, *Pacific Dental Servs., LLC. v. Homeland*

*Ins. Co. of New York*, 13-cv-749-JST, 2013 WL 3776337, at *4 (C.D. Cal. Jul. 17, 2013) (denying motion to strike unclean hands defense where defendant alleged that it was based on plaintiff's "conduct in the Underlying Class Action"); *Mega Brands Inc. v. Amloid Corp.*, 13-cv-00108-CJC, 2013 WL 12138683, at *2 (C.D. Cal. May 14, 2013) (denying motion to strike unclean hands defense where defendant alleges that plaintiff is "using litigation with 'no lawful basis' to eliminate its smaller competitor"). CUPP's motion to strike Symantec's unclean hands defense should be denied because Symantec properly pled the factual basis for its defense.

## III.     LEAVE TO AMEND

If the Court strikes either affirmative defense, leave to amend should be granted. Leave to amend affirmative defenses that have been stricken is freely given. *See* Fed. R. Civ. P. 15(a); *Wyshak v. City Nat. Bank,* 607 F.2d 824, 826 (9th Cir. 1979) (citations omitted). Leave to amend was granted in every case cited in CUPP's motion. *See Allen*, 2013 WL 3157905 (granting leave to amend affirmative defenses); *Catch a Wave*, 2013 WL 1996134 (same); *Solis v. Zenith Capital, LLC.*, 08-cv-4854-PJH, 2009 WL 1324051 (N.D. Cal. May 8, 2009) (same); *Quarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004) (same). CUPP provides no basis to deny Symantec leave to amend, if its motion to strike succeeds. Should the Court grant CUPP's motion to strike, Symantec requests leave to amend its affirmative defenses to add additional non-confidential facts regarding its settlement agreement with Finjan (*see* Brewer Decl., Ex. 3) and the relationship between CUPP and Finjan (*see id.*, Exs. 1-2).

## CONCLUSION

Because Symantec has properly pled facts sufficient to provide CUPP fair notice of the basis for its license and unclean hands defenses, CUPP's motion to strike should be denied.

Dated: April 3, 2019

MORRISON & FOERSTER LLP

By:     */s/ Stefani E. Shanberg*
        Stefani E. Shanberg

*Attorneys for Defendant*
SYMANTEC CORPORATION