PAUL J. ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRIS KASTENS (State Bar No. 254797)
kkastens@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

*Attorneys for Plaintiffs*
CUPP CYBERSECURITY, LLC and CUPP COMPUTING AS.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

CUPP CYBERSECURITY, LLC, a Delaware Limited Liability Company, and CUPP COMPUTING AS, a Norwegian Corporation,

Plaintiffs,

v.

SYMANTEC CORPORATION, a Delaware Corporation,

Defendant.

Case No.: 19-cv-00298-WHO

**PLAINTIFFS CUPP CYBERSECURITY, LLC AND CUPP COMPUTING AS' REPLY IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANT SYMANTEC CORP.'S FIFTH AND SIXTH AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES**

Date: April 24, 2019
Time: 2:00 PM
Courtroom: Courtroom 2, 17th Floor
Before: Hon. William H. Orrick

## INTRODUCTION

The Court should strike Symantec Corp.'s ("Symantec") Fifth and Sixth Affirmative Defenses—both of which are based on a nonparty—because Symantec admits that it did not plead and does not have a factual basis to support these affirmative defenses. Instead, Symantec's Fifth and Sixth Affirmative Defenses are nothing but conclusory statements based on Symantec's expectation of what it will uncover during discovery facts to support its defenses. In an attempt to backtrack and identify a factual basis, Symantec introduces new information in its Opposition, which, even if taken as true, are not stated in its affirmatives defenses and do not support the inference that Symantec's affirmative defenses are adequately pled. Indeed, this Court should not accept as true unwarranted deductions of fact. As explained in CUPP's Opening Motion, there is no relationship or agreement between Finjan and CUPP that would support a license or unclean hands defense. Rather, Symantec's affirmative defenses are based on its accusation that it is improper for Mr. Touboul to be an inventor on patents for two distinct companies. Therefore, the Court should strike Symantec's Fifth and Sixth Affirmative Defenses.

## ARGUMENT

### I. SYMANTEC'S FIFTH AFFIRMATIVE DEFENSE BASED ON A LICENSE FAILS TO GIVE CUPP FAIR NOTICE

Symantec's Fifth Affirmative Defense is based on a license between Symantec and a nonparty, Finjan—who is not involved in this case—should be stricken because Symantec wholly fails to plead an adequate and plausible factual basis for relief. Dkt. No. 66 at ¶ 260. Symantec's affirmative defense first offers the conclusory allegation that "CUPP's claims are barred by license," without any factual basis. *Id*. Indeed, the remainder of Symantec's ***two-sentence*** Fifth Affirmative Defense pleads no actual facts, and rather relies on rank speculation of what it "expects" to uncover during discovery. *Id*. ("Symantec expects to have evidentiary support after discovery demonstrating that its recent confidential settlement with Finjan and the relationship between Finjan and CUPP preclude suit on the Asserted Patents."). Symantec's affirmative defense refers to a confidential agreement between Finjan and Symantec. But CUPP is not a party to the agreement and, given its confidential nature, has no

notice as to what in the agreement Symantec alleges bars CUPP from bringing this action.[1] Symantec does not have or provide any actual basis for this defense, and accordingly, it should be stricken. Motion at 3-4 (citing *Allen v. AVT Event Techs., Inc.*, No. C-13-1922 MMC, 2013 WL 3157905, at *2 (N.D. Cal. June 20, 2013) (striking allegations that were factually unsupported which were pled only to avoid waiver in case evidence was later discovered)). It is improper for Symantec to include an affirmative defense for which it has no actual basis in hopes of discovering further information later in the case. As such, it is apparent that Symantec does not have a good faith basis for raising this defense and it should be stricken.

With regard to the set of cases Symantec relies on for its claim that motions to strike have been denied where "the agreement at issue is identified in the defense," those cases are inapposite because they concerned agreements where the parties in the litigation were parties to the agreement at issue. Opp. at 3-4; *Synopsys, Inc. v. Ubiquiti Networks, Inc.*, No. 17-cv-00561-WHO, 2017 WL 3485881, at *19 (N.D. Cal. Aug. 15, 2017) (defendant moving to dismiss plaintiff's affirmative defense of waiver, which was based on defendant's acceptance of the terms of use on the plaintiff's website); *Hynix Semiconductor Inc. v. Rambus Inc.*, No. 00-cv-20905-RMW, 2007 WL 4062845, at *11 (N.D. Cal. Nov. 15, 2007) (concerning defense of consent based on license between parties involved in litigation); *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 10-945 CW, 2012 WL 1746848, at *3 (N.D. Cal. May 16, 2012) (concerning terms of agreement between the parties). That is simply not the case here where CUPP is not a party to the licensing agreement between Symantec and nonparty Finjan.

Therefore, Symantec's Fifth Affirmative Defense should be stricken.

## II. SYMANTEC'S SIXTH AFFIRMATIVE DEFENSE BASED ON UNCLEAN HANDS FAILS TO GIVE CUPP FAIR NOTICE

As with Symantec's Fifth Affirmative Defense, there is no actual factual basis for Symantec's Sixth Affirmative Defense based on unclean hands. The first sentence provides the conclusory statement that "CUPP's claims are barred by unclean hands." Dkt. No. 66, ¶ 261. The remainder of

[1] That CUPP and Finjan share the same counsel is irrelevant. Opp. at 3, n.1. Should Symantec seek to disclose the Finjan-Symantec license to CUPP, Symantec must make the request to Finjan.

Symantec's Sixth Affirmative Defense are purported factual claims are nothing more than pure speculation from Symantec:

> Symantec expects to have evidentiary support after discovery demonstrating misconduct by CUPP in relation to its suit against Symantec on the Asserted Patents. This misconduct arises from the relationship between Finjan and CUPP and Finjan's recent confidential settlement with Symantec. It has injured Symantec. In view of this misconduct, the Court should refuse relief to CUPP on its claims.

*Id*.

This is not enough because it does not provide CUPP with notice of how there is a purported relationship between CUPP and Finjan that would preclude CUPP from bringing the instant action. Motion at 4-5. While Symantec refers to alleged misconduct, Symantec does not identify what this alleged misconduct is nor any facts that would support its allegation. Accordingly, Symantec's reliance on *Pacific Dental Servs.* and *Mega Brands*, two out of district cases, is unavailing because there is no factual basis for Symantec's unclean hands affirmative defense. Opp. at 5 (citing *Pacific Dental Servs., LLC. v. Homeland Ins. Co. of New York*, No. SACV 13-749-JST (JPRx), 2013 WL 3776337, at *4 (C.D. Cal. July 17, 2013)) (relating to plaintiff's actual conduct); *Mega Brands Inc. v. Amloid Corp.*, No. SACV 13-00108-CJC (MLGx), 2013 WL 12138683, at *1 (C.D. Cal. May 14, 2013) (allegations that plaintiff "is attempting to exclude its competitor Amloid from using the generic and descriptive term 'Big Blocks' in connection with large toy block products and from using generic design features[.]").

As such, Symantec's Sixth Affirmative Defense should be stricken because Symantec's allegations do not provide CUPP fair notice.

## III. SYMANTEC'S NEW ALLEGATIONS DO NOT SUPPORT EITHER OF ITS LICENSE OR UNCLEAN HANDS AFFIRMATIVE DEFENSES

Symantec attaches three additional exhibits with its Motion and provides additional factual basis which are not present in its Answer. Brewer Decl., Exs. 1–3. First, these facts were not alleged in Symantec's original answer, and, if even they were, do not support a license or unclean hands defense. Symantec alleges that because (1) Mr. Touboul is a listed inventor on patents belonging to a

non-party, Finjan, and is also a listed inventor on the CUPP patents, and (2) Mr. Touboul is currently a Senior Advisor for Finjan and is the founder of Yoggie Security Systems, which was later sold to CUPP Computings, that this somehow provides factual support for its position. Opp. at 1; *see also* Brewer Decl., Ex. 1 ("Yoggie was created in 2005 by Shlomo Touboul and was sold to CUPP Computings on 2011."); *id.*, Ex. 2 (identifying Mr. Touboul as a Senior Advisor of Finjan). Symantec's conclusion is unwarranted, because it is not uncommon for an individual to work for one company and then start another company. All Symantec has shown in its Opposition is that Mr. Touboul is an advisor to Finjan and previously founded Yoggie Security Systems—not that Finjan and CUPP have a relationship that would support its license and unclean hands defenses. This is nothing more than Symantec's attempt to ask the Court accept as true its unwarranted deductions of fact. *See In re Gilead Scis. Sec. Litig.*, 536 F. 3d 1049, 1055 (9th Cir. 2008) (citation omitted) (The Court need not accept as true these "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). Therefore, Symantec should not be granted leave to amend because its newly identified facts still fail to give fair notice to CUPP and are facially implausible.

**CONCLUSION**

For the foregoing reasons discussed above and in CUPP's Motion, the Court should strike Symantec's Fifth and Sixth Affirmative Defenses as unsupported by any factual content.

///

///

///

Respectfully submitted,

Dated: April 10, 2019

By: */s/ Paul J. Andre*

Paul J. Andre
Lisa Kobialka
James Hannah
Kristopher Kastens
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
kkastens@kramerlevin.com

*Attorneys for Plaintiffs*
CUPP Cybersecurity LLC and CUPP Computing AS