**Pages 1 - 9**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Orrick, Judge

| | |
|---|---|
| CUPP Cybersecurity LLC, et al., )<br>)<br>         Plaintiffs,        )<br>)<br>  VS.                           )<br>)<br>Symantec Corporation,          )<br>)<br>         Defendant.            )<br>) | **NO. C 19-cv-00298 WHO** |

San Francisco, California
Wednesday, April 24, 2019

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiff:
        KRAMER, LEVIN, NAFTALIS & FRANKEL LLP
        990 Marsh Road
        Menlo Park, California  94025
  **BY:  PAUL J. ANDRE, ATTORNEY AT LAW**
       **STEPHANIE NGUYEN, ATTORNEY AT LAW**

For Defendant:
        MORRISON & FOERSTER LLP
        425 Market Street, 32nd Floor
        San Francisco, CA  94105
  **BY:  STEFANI E. SHANBERG, ATTORNEY AT LAW**
       **MICHAEL A. JACOBS, ATTORNEY AT LAW**

Reported By:    Marla F. Knox, RPR, CRR
                Official Reporter

| | |
|---|---:|
| **Wednesday - April 24, 2019** | **2:01 p.m.** |

**P R O C E E D I N G S**

---oOo---

**THE CLERK:** Calling 19-298, Cybersecurity, et al. versus Symantec Corporation.

Counsel, please step forward and state your appearance.

**MR. ANDRE:** Good afternoon, Your Honor, Paul Andre for CUPP Cybersecurity, and with me today is Stephanie Nguyen.

**THE COURT:** Great. Good afternoon.

**MR. JACOBS:** Good afternoon, Your Honor, Michael Jacobs from Morrison Foerster for Symantec. With me is Stefani Shanberg.

**THE COURT:** Somehow it seems to me that I have seen you recently. So the motion -- I'm going to deny the motion to strike the affirmative defenses. I think there is enough there. I really don't want argument, Mr.~Andre. If you want to make some, go ahead. I think there is enough. You know what this is about, and there is all -- the bar is pretty low. There is some factual support, and that's enough. So I would go right into the CMC myself, but here you are.

**MR. ANDRE:** Ms. Nguyen was going to argue the motion.

**THE COURT:** I'm sorry, Ms. Nguyen.

**MR. ANDRE:** I was here for the CMC, but I was going to let her argue the motion. It sounds like you have already stole her thunder.

1  **THE COURT:** I have. If you want to make a short pitch
2  on that, why I have completely misread those affirmative
3  defenses, Ms. Nguyen, please come up and take a shot at this.
4  **MS. NGUYEN:** It is kind of an uphill battle when you
5  have already decided.
6  **THE COURT:** It is unwinnable, but you have worked on
7  this; and I would love to hear your argument.
8  **MS. NGUYEN:** Well, you know, the arguments are in the
9  briefing. You have already considered them. Really what is at
10 issue here is speculation, and they are hoping to uncover
11 something in discovery and there is no factual basis that are
12 actually pled in their fifth and sixth affirmative defenses.
13    The fact that Mr. Touboul is an advisor for Finjan and
14 that he is an inventor for patents on Finjan and then also for
15 CUPP doesn't actually have to do with, you know, license or
16 unclean hands. Here he is just really a serial inventor. He
17 has developed for multiple companies that he has been able to
18 sell to other companies, and he left Finjan in 2005 before he
19 started Yoggie and then he ended up returning later as an
20 adviser.
21    **THE COURT:** And so you agree with me, though, that the
22 bar here is pretty low for stating an affirmative defense.
23 There has to be some factual support, but you don't have to
24 layout of a cause of action. Would you agree with that?
25    **MS. NGUYEN:** Yes I do, Your Honor. However, the court

1    isn't required to accept as true unwarranted deductions of
2    fact, which is what is occurring here with Symantec's
3    affirmative defenses.
4           **THE COURT:**  Don't you think you have sufficient notice
5    of what -- what they are going to be going after so that you
6    can do adequate discovery to get to the bottom of this?
7           **MS. NGUYEN:**  No, Your Honor, because we don't have --
8    we don't know what part of the license they are relying on in
9    order to say that there is some sort of license affirmative
10   defense or unclean hands.  Right now in their opposition they
11   have just identified Mr. Touboul as being the common individual
12   between those two companies.
13          **THE COURT:**  Okay.  Mr. Jacobs, you want to respond to
14   that?
15          **MR. JACOBS:**  Is it unlosable?  I really -- well, the
16   bar is low.  The interesting dilemma I think district courts
17   judges have faced is how to reconcile this *Kohler* decision with
18   *Iqbal Twombly*.  And where I see Your Honor having landed and
19   other district courts is enough to tell them what is the
20   grounding of the defense, what is it all about in a loose
21   sense, not plead sufficient facts to get over the line of a --
22   for example, of a full motion to dismiss if it was an antitrust
23   claiming facing an *Iqbal Twombly* motion.
24        So given that standard, one can tell from their briefing
25   that they have an idea where we are going.  A little

1  interesting situation in which these affirmative defenses have
2  been pled on the basis of we expect discovery to tell us more.
3  So this is -- especially as to the unclean hands defense at
4  this point, this is very much a We smell a rat defense, but I
5  think we have given them the basis for why we smell a rat.
6          **THE COURT:**  All right.  So, Ms. Nguyen, excellent
7  argument.
8          **MS. NGUYEN:**  Thank you, Your Honor.
9          **THE COURT:**  Thank you.  But I think I'm going to stick
10 with my tentative.  I think you have enough information the --
11 I have a bias about these motions to strike affirmative
12 defenses that go back to my days when I was in practice.  It
13 used to be the -- it is sort of a common practice that you just
14 take a list of 25 affirmative defenses, and you just throw that
15 into your answer, whether they have anything to do with the
16 case or not, without any facts.  Those -- motions to strike
17 those affirmative defenses were good.  They were annoying but
18 good.  But as long as there is something there, here -- there,
19 which I think is the case here -- I think it's more important
20 that this case proceed.  So thank you for your argument.
21         **MS. NGUYEN:**  Thank you, Your Honor.
22         **THE COURT:**  Let's go onto the CMC.
23         **MR. JACOBS:**  Your Honor, for us, Ms. Shanberg is going
24 to handle the CMC.
25         **THE COURT:**  Excellent.  Okay.  So your schedule is

1  fine, and you are going to do ADR 30 days after claim
2  construction.  Also fine.  And then I will set the trial at a
3  CMC after claim construction so that everybody knows when it
4  is.  And I would not plan to see you again absent a motion
5  until claim construction.  So I'm not going to set a further
6  CMC at this time.  So those were the things that I saw here.
7  Mr.~Andre, what else should we talk about today?
8         **MR. ANDRE:**  I think the only thing we need to talk
9  about just to make sure we are all on the same page -- there
10 are two things actually.  One is Ms. Shanberg and I were able
11 to work out the narrowing issue on page 8 of the order; that is
12 section 15.  What we are trying to do here is make sure that we
13 are all on the same page about our -- infringement contentions,
14 their validity contentions.  One of the things we have picked
15 up on in this district is this is an issue that is fraught with
16 motion practice and as Your Honor is well aware of the other
17 cases that we have been in front of you on.  So we are trying
18 to avoid that.  And we are -- I think we have come to a nice
19 compromise and situation where we are going to try to give --
20 instead of giving a thousand page infringement contention
21 trying to be inclusive of everything -- which Ms. Shanberg
22 doesn't want and we don't want to do either, and they say would
23 be meaningless because it is too much -- we are trying to give
24 a very concise infringement contention with the idea that it
25 would not have a preclusive effect if something came up later

1  in deposition or something of that nature.
2      So I think that is something that we are trying to come up
3  with a solution to a problem that we have experienced in this
4  district quite often with infringement contentions and validity
5  contentions and the sufficiency of such.  I think that is
6  something Ms. Shanberg may want to talk about as well.  I just
7  want to make this Court aware of this as well, and that's what
8  that section is about and the last paragraph in particular.
9      **THE COURT:**  All right.  Ms. Shanberg?
10     **MS. SHANBERG:**  Personally I think it is a great
11 solution I think we were able to come to here.  If Your Honor
12 has any questions, I'm happy to answer them.  Mr.~Andre and I
13 have worked together before and got on the phone and I
14 essentially said, I know you have your concerns about being
15 able to present your case and bring all the causative action
16 you want to bring; but we need to understand that.  I can't
17 even read 7,000 pages of infringement contentions much less
18 adequately defend against them.
19     So we have come to a resolution here that addresses the
20 quantity of infringement contentions and, of course, the patent
21 local rules and all of Your Honor's prior orders in other
22 cases -- that Mr.~Andre is involved in and I'm not -- govern
23 the quality of those contingents.  So if we marry those two, we
24 think we might have a manageable universe of contingents and be
25 able to avoid some of the motion practice that Your Honor has

1  seen in other cases, so I'm optimistic.
2      **THE COURT:**  Okay.  Then I will be too.  I didn't see
3  that there was anything in here for me to do other than see
4  that you are -- you have got a plan and hopefully it is a plan
5  that you will be carrying out in good faith and solve whatever
6  problems come up, and that's fine by me.
7      **MR. ANDRE:**  And to the extent that we do come across
8  issues, we don't know if you want to assign a magistrate judge
9  for discovery issues of -- that's an issue Ms. Shanberg and I
10 once again talked about, magistrate judges that we would agree
11 upon if Your Honor is inclined to do so.  We can give you that
12 name or however you want to handle that is fine.
13     **THE COURT:**  Let's wait until you come to an impasse
14 where you actually need somebody to help you work through that,
15 and at that point you can send me a joint letter that says
16 something to the effect of Your Honor, you really don't want to
17 have to deal with the problems that we are going to be
18 presenting; and we would love it if you would appoint so-and-so
19 as a magistrate judge.  As long as you give me enough to know I
20 don't really want to deal with it, I would be happy to appoint
21 somebody.
22     **MR. ANDRE:**  That's great, Your Honor.
23     **THE COURT:**  Anything else?
24     **MS. SHANBERG:**  I don't believe I have anything else.
25 We were able to reach agreement on everything.  So if

1  Your Honor doesn't have any questions, I don't have any
2  concerns.
3       **THE COURT:**  I'm glad that you are working things out,
4  and I will look forward to seeing you at claim construction
5  unless you have solved the case before then.
6       **MS. SHANBERG:**  Thank you, Your Honor.
7       **MR. JACOBS:**  Thank you.
8       **THE COURT:**  Thank you.
9            (Proceedings adjourned at 2:11 p.m.)
10                        ---oOo---
11
12                  **CERTIFICATE OF REPORTER**
13       I certify that the foregoing is a correct transcript
14  from the record of proceedings in the above-entitled matter.
15
16  DATE:   Monday, May 13, 2019
17
18
19
20  _____
21            Marla F. Knox, RPR, CRR
                U.S. Court Reporter
22
23
24
25