PAUL J. ANDRE (Bar No. 196585)
LISA KOBIALKA (Bar No. 191404)
JAMES HANNAH (Bar No. 237978)
KRISTOPHER KASTENS (Bar No. 254797)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 752-1700
Facsimile: (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
kkastens@kramerlevin.com

Attorneys for Plaintiffs
CUPP Cybersecurity LLC, and
CUPP Computing AS

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CUPP CYBERSECURITY, LLC and CUPP COMPUTING AS,<br><br>Plaintiffs,<br><br>v.<br><br>GEN DIGITAL INC. f/k/a NORTONLIFELOCK INC.,<br><br>Defendant. | Case No.: 3:19-cv-00298-WHO<br><br>**PLAINTIFFS CUPP CYBERSECURITY, LLC AND CUPP COMPUTING AS NOTICE OF MOTION AND MOTION TO TRANSFER TO THE DISTRICT OF DELAWARE**<br><br>Date: March 27, 2024<br>Time: 2:00 p.m.<br>Ctrm.: 2, 17th Floor (Zoom videoconference)<br>Before: Hon. William H. Orrick |

**NOTICE OF MOTION**

NOTICE IS HEREBY GIVEN that, on March 27, 2024, at 2:00 p.m., or as soon thereafter as counsel may be heard, in Courtroom 2, 17th Floor or via Zoom videoconference before the Honorable William H. Orrick of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs CUPP Cybersecurity, LLC and CUPP Computing AS ("CUPP") will move this Court for an order granting CUPP's Motion to Transfer to the United States District Court for the District of Delaware.

This Motion is supported by this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Kristopher Kastens, the files, records, and pleadings in this action, any arguments presented at the time of the hearing on this motion, and all matters of which the Court may take judicial notice.

## I. INTRODUCTION

CUPP moves to transfer this action to the District of Delaware (i) where both parties in this action were formed, (ii) where there is ease of access to witnesses and documents, and (iii) in light of the changes to Defendant Gen Digital Inc.'s ("Gen") business ownership and structure. Delaware would be more convenient to the parties and their witnesses due to the locations of witnesses in the case. In particular the majority of CUPP's witnesses are based in Norway and Israel and a transfer to Delaware would mitigate cost and aid the convenience of international travel, in contrast to this District. Defendant Gen does not oppose this motion.

## II. STATEMENT OF FACTS

### A. Case Procedural History

CUPP filed an infringement suit that named the entity of "Symantec Corporation" in the Northern District of Texas, Dallas Division, on June 14, 2018. Dkt. No. 1. Defendant moved to dismiss the case for improper venue on August 6, 2018, resulting in the transfer of the case out of the Northern District of Texas. Dkt. No. 31. The Court initially ordered the case transferred to the District of Delaware. However, after Defendant raised convenience factors related to the location of its

1
CUPP'S MOTION TO TRANSFER                                    Case No. 19-cv-00298-WHO

headquarters and witnesses, the court reconsidered and transferred the case to the Northern District of California.  Dkt. Nos. 44, 45, and 53.

A defendant in another case[1], filed seven *Inter Partes* review ("IPRs") with the Patent Trial and Appeal Board ("PTAB") challenging validity of most of the patents in this case.  As a result, the Parties stipulated to stay this case.  Dkt. No. 92.  While the case was stayed, Defendant reorganized and changed its name to "NortonLifeLock Inc." in 2019.  Defendant was later reorganized again as part of Gen Digital Inc., with its headquarters in Tempe, Arizona.  Dkt. Nos. 93,  110, and 115 at 3-4.

The Parties updated the Court on the IPR proceedings during the stay of the case.  Dkt. No. 95, 96, and 111.  The Court lifted the stay on October 13, 2023, after the completion of the IPR proceedings.  Dkt. No. 112.  Subsequently, a case management conference between the parties was held and the parties were ordered to agree on an appropriate venue, or alternatively, for CUPP to submit a motion to transfer this case to another venue.  Dkt. Nos. 115, 118 and 121.

The parties agreed to the submission, by CUPP, of an unopposed motion to transfer this case to the District of Delaware.  Dkt No. 121.

**B.     Overview of CUPP and Gen**

CUPP Cybersecurity LLC is a Delaware company and CUPP Computing AS is a Norwegian corporation with its principal place of business in Oslo, Norway.  Similarly, Gen is  a Delaware corporation, with its principal place of business in Tempe, Arizona and Prague, Czech Republic.

Most of the inventors on the patents and several of CUPP's witnesses are located in either Norway or Israel, including:

1. Shlomo Touboul (Israel)
2. Sela Ferdman (Israel)
3. Ami Oz (unknown location, believed Israel)
4. Yonathan Yusim (unknown location, believed Israel)
5. Christian Bryn (Norway)

---

[1] *CUPP Cybersecurity, LLC v. Trend Micro, Inc.*, No. 3:18-cv-1251, 2021 U.S. Dist. LEXIS 232660, at *3 (N.D. Tex. Dec. 6, 2021).

## III. ARGUMENT

The case should be transferred because it could have been brought originally in the District of Delaware, and it is more convenient to have it tried there.

### A. The Case Could Have Been Brought Originally in Delaware

When this litigation was initiated the Defendant (then "Symantec") was incorporated in Delaware and therefore resided in Delaware for purposes of venue. *See K.H.B. v. UnitedHealthcare Ins. Co.*, No. C 18-04175 WHA, 2018 U.S. Dist. LEXIS 174548, at *4 (N.D. Cal. Oct. 10, 2018) (citation omitted) ("[C]ourts determine whether the action could have been brought in the target district."); *see also* Declaration of Kristopher Kastens ("Kastens Decl."), Ex. A, *Corning Optical Commc'ns Wireless Ltd. v. LGC Wireless, Inc.*, No. 5:15-cv-03976-EJD, Dkt. No. 54 at 2 (N.D. Cal. Nov. 13, 2015) (granting unopposed motion to transfer for convenience).

### B. Delaware is More Convenient

Delaware is more convenient because "both public factors [that] go to the interests of justice[,] and private factors, which go to the convenience of the parties and witnesses" weigh in favor of transfer. *See Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 810, 820 (N.D. Cal. 2008) (citation omitted). Transfer to Delaware would be convenient for all parties because CUPP and Gen are both formed and registered in Delaware and have strong international ties. When considering this factor great emphasis is placed on the convenience of both the litigants and witnesses subject to an action. *See A. J. Indus., Inc. v. U.S. Dist. Ct.*, 503 F.2d 384, 386-87 (9th Cir. 1974.); *see also* Kastens Decl., Ex. B, *Etagz, Inc. v. Quiksilver, Inc.*, No. 3:09-cv-05926-CRB, Dkt. No. 24 at 2 (N.D. Cal. Feb. 25, 2010) (granting unopposed motion to transfer for convenience). This consideration weighs in favor of transfer to the District of Delaware. Transfer to the District of Delaware would provide some relief to the travel of CUPP's witnesses in comparison to the Northern District of California because of shorter and less expensive flights. Similarly, Gen also has significant European ties because its European headquarters in Czech Republic with significant leadership, including its president, based in Czech

Republic. Transfer to the District of Delaware would therefore benefit Gen and its international personnel.

Furthermore, witnesses with the most pertinent information including detail about the inventorship of the asserted patents, licensing information and technical aspects of the accused products are primarily based abroad. This is an important factor as "[t]he Court should consider 'not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony in relationship to the issues in the case.'" *See Kannar v. Alticor, Inc.*, No. C-08-5505 MMC, 2009 WL 975426, at *2 (N.D. Cal. Apr. 9, 2009) (citation omitted). Additionally, there are sufficient contacts relating to plaintiffs' claims within the district of Delaware. This is evident as some of the accused products are sold in Delaware.

With respect to the availability of documents, neither party will substantially benefit if this action remains in this district. The majority of CUPP's documents and evidence is also stored in Norway and Israel. Gen is no longer headquartered in the Northern District of California. Delaware is better positioned, as it is closer to CUPP's European headquarters than this district.

While the median time to trial is similar between the districts, the Parties would also face marginally fewer administrative difficulties resulting from court congestion in the District of Delaware, where the median time to trial for patent cases specifically is approximately 824 days, compared to this District's median time to trial of 839 days. *See* Kastens Decl., Ex. C (statistics relying on data as of February, 2024). This marginal difference is at least neutral or slightly in favor of transfer to Delaware.

**IV.    CONCLUSION**

For the foregoing reasons, CUPP respectfully requests that the Court transfer this action to Delaware.

Respectfully submitted,

Dated: February 12, 2024         By: */s/ Kristopher Kastens*
                                 Paul J. Andre (Bar No. 196585)
                                 Lisa Kobialka (Bar No. 191404)
                                 James Hannah (Bar No. 237978)
                                 Kristopher Kastens (Bar No. 254797)
                                 KRAMER LEVIN NAFTALIS
                                  & FRANKEL LLP
                                 333 Twin Dolphin Drive, Suite 700
                                 Redwood Shores, CA 94065
                                 Telephone: (650) 752-1700
                                 Facsimile: (650) 752-1800
                                 pandre@kramerlevin.com
                                 lkobialka@kramerlevin.com
                                 jhannah@kramerlevin.com
                                 kkastens@kramerlevin.com

                                 *Attorneys for Plaintiffs*
                                 CUPP Cybersecurity LLC, and
                                 CUPP Computing AS